**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Graham Construction Services, Inc., | Civil File No. 11-03414 (MJD/AJB) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Adventure Divers, Inc. and | |
| Ohio Farmers Insurance Company, | |
| Defendants. | |

---

Dean B. Thomson, Kristine Kroenke, and Hugh D. Brown, Fabyanske, Westra, Hart & Thomson, P.A., 800 LaSalle Plaza, Suite 1900, Minneapolis, MN, 55402 for Plaintiff Graham Construction Services, Inc.

Collin P. Dobrovolny and Bryan Van Grinsven, McGee, Hankla, Backes & Dobrovolny, P.C., 15 2nd Avenue S.W., Suite 305, P.O. Box 998, Minot, N.D. 58702 for Defendant Adventure Divers, Inc.

David D. Hammargren and Jason C. Tarasek, Hammargren & Meyer, P.A., 3500 American Blvd. W., Suite 450, Bloomington, Minnesota 55431 for Defendants Ohio Farmers Insurance Company.

---

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion to Remand [Docket No. 6]; Defendant Adventure Diver's Motion to Transfer [Docket No. 23]; Defendant Ohio Farmer's Motion to Dismiss, or, in the alternative, to Transfer [Docket No. 28]; and Plaintiff's Motion to Strike [Docket No. 42]. The first three motions have been referred to the Magistrate Judge for report and recommendation to the district court under 28 U.S.C. § 636(c) and Local Rule 72.2(b). A hearing was held on the motions on February 27, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415. Matthew T. Collins appeared on behalf of Plaintiff. Bryan Van Grinsven appeared on behalf of Defendant Adventure Divers. David C. Hammargren appeared on behalf of Defendant Ohio Farmers.

Based upon the record, memoranda, and oral arguments,

1. **IT IS HEREBY RECOMMENDED** that:

    a. Plaintiff's Motion to Remand [Docket No. 6] be **GRANTED IN PART and DENIED IN PART** as follows:

        i. That Plaintiff's motion that the matter be remanded to Dakota County District Court, State of Minnesota be **GRANTED.**

        ii. That Plaintiff's request for attorneys' fees be **DENIED.**

    b. Defendant Adventure Diver's Motion to Transfer [Docket No. 23] be **DENIED** as moot; and

    c. Defendant Ohio Farmer's Motion to Dismiss or, in the alternative, to Transfer [Docket No. 28] be **DENIED** as moot.

2. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike [Docket No. 42] is **DENIED** as moot.

## FACTUAL BACKGROUND

This dispute arises out of two contracts entered into between Plaintiff Graham Construction Services, Inc. ("Graham") and Defendant Adventure Divers Inc. ("ADI") in 2009. (Complaint ¶ 5.) Graham, a Minnesota-based general construction contractor, and ADI, a North Dakota-based commercial diving service, contracted for ADI to perform certain diving work on two commercial construction projects. (*Id.* at ¶¶ 1-2, 5, 11.) One of the projects was located in South Dakota and one was located in North Dakota. (*Id.* at ¶¶ 5, 11.) Co-Defendant Ohio Farmers Insurance Company ("Ohio Farmers") is the surety to ADI and issued performance bonds for both contracts. (*Id.* at ¶¶ 5, 11.)

The contracts each contain a choice of law and forum selection clause, which states that Minnesota law governs the contracts and grants Graham the exclusive right to select the forum for any litigation under the contracts.[1]  (*Id.* at ¶¶ 19, 20.)  The forum selection clause provides:

> This Subcontract shall be governed by the laws of the State in which contractor is incorporated.  Contractor shall have the exclusive and unilateral right, at its option, to require that the venue for any legal action under this Subcontract be in the State of its incorporation Superior Court of its choosing, or in the county that the Project is located, and Subcontractor expressly agrees to Contractor's exercise of such option.

(Complaint, ¶ 19.)

Graham determined that ADI failed to meet the criteria detailed in both the contracts and made a claim on both of the bonds covered by Ohio Farmers.  (*Id.* at ¶¶ 8, 15.)  Ohio Farmers denied Graham's claim on both bonds.  (*Id.* at ¶¶ 9, 16.)

On October 11, 2011, Ohio Farmers sued Graham and ADI in United States District Court for the District of North Dakota for a declaratory judgment holding it not liable on the bonds.  On November 14, 2011, Graham filed a complaint in Dakota County District Court, State of Minnesota against ADI and Ohio Farmers.  On November 21, 2011, Ohio Farmers removed the Dakota County action to this Court.

On December 12, 2011, Graham filed a Motion to Remand to Dakota County District Court, State of Minnesota.  (Docket No. 6.)  Graham argues that both defendants are bound by the forum selection clause in the contracts giving Graham the exclusive right to file suit in Minnesota state court.  Graham contends that ADI and Ohio Farmers waived the right to remove because in the clause, ADI specifically agrees to Graham's choice of forum.  Graham also filed a Motion to Strike ADI's consent to removal, arguing that ADI waived its right to consent and that

---

[1]   The bonds also contain a permissive forum selection clause stating that legal proceedings may be brought in any jurisdiction in which the work or part of the work is located.  (Complaint ¶ 20.)

3

the consent was untimely. In response, ADI filed a Motion to Transfer the action to United States District Court, District of North Dakota. (Docket No. 23.) ADI argues that the forum selection clause should not be enforced against it because compelling circumstances warrant transfer to North Dakota District Court. Specifically, ADI argues that the witnesses and documents in this matter are primarily in North Dakota and that the dispute is more related to North Dakota than Minnesota. Ohio Farmers also filed a Motion to Dismiss, or, in the alternative, to Transfer in response to Graham's remand motion. (Docket No. 28.) Ohio Farmers argues that this matter should be heard in North Dakota because of the "first-filed" rule, because more of the key events took place in North Dakota, and because more witnesses and documents are located in North Dakota. Ohio Farmers also argues that the forum selection clause cannot be enforced against either it or ADI because it is a permissive clause and is unreasonable.

## DISCUSSION

### I. PLAINTIFF'S MOTION TO REMAND

#### A. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c).

On a motion to remand, the party seeking to sustain the removal bears the burden of demonstrating that removal was proper. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Any uncertainty over original federal jurisdiction and the propriety of removal

should be resolved in favor of remand.  *Id.*; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

      B.      **Enforceability of Forum Selection Clause**

A forum or venue selection clause is *prima facie* valid and enforceable, and "the party challenging the clause bears an especially 'heavy burden of proof.'"  *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).  A forum selection clause shall be enforced "unless unjust, unreasonable, procured through fraud or overreaching, or unless [it] would effectively deprive the opposing party of a meaningful day in court."  *Siebert v. Amateur Ath. Union of the United States, Inc.*, 422 F. Supp. 2d 1033, 1046 (D. Minn. 2006).

ADI "concedes the existence of the forum selection clause and the general enforceability of forum selection clauses in contracts."  (Docket No. 21, ADI Mem. 3.)  Yet, ADI argues that the clause should not be enforced because the witnesses and documents are in North Dakota and because the dispute is a "North Dakota issue."  (*Id.* at 3-4.)  Even if it were true that "virtually all" of the witnesses are located in North Dakota as ADI and Ohio Farmers argue (which Graham strongly disputes), "the location and convenience of witnesses, and the expense of travel" is insufficient to defeat a forum selection clause.  *Siebert*, 422 F. Supp. 2d at 1046.  Simply put, Minnesota is not a "remote alien forum."  *See id.*  It has a strong connection to one of the parties in that Graham is incorporated and headquartered in Minnesota.  *See id.*  And it is a neighboring state to North Dakota, discounting defendants' arguments regarding the inconvenience of litigating here.  Minnesota is not such an inconvenient forum that it would effectively deprive the defendants of a meaningful day in court.

Although ADI raised no such argument, Ohio Farmers also argues that the clause cannot be enforced against ADI because the contract was a "take it or leave it" agreement. (Docket No. 25, Ohio Farmers Mem. 10-11.) However, the fact that there is a differential in bargaining power or that a clause was not negotiated does not render the clause unenforceable. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593 (1991); *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 753 (8th Cir. 1999).

ADI has not sustained its burden to set aside the forum selection clause. The clause is reasonable and should be enforced against ADI.

C. **Waiver of Right to Remove**

A valid forum selection clause may waive a party's right to remove. *iNet Directories, LLC. v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005); *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d. 1054, 1056 n. 1 (D. Minn. 2008). A waiver of a right to remove must be clear and unequivocal. *Weltman v. Silna*, 879 F.3d 425, 427 (8th Cir. 1989). A party to a contract waives its right to remove if the provision of the contract makes clear that the other party to the contract has the "right to choose the forum" in which any dispute will be heard. *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999). A waiver of removal rights does not have to include explicit words, such as "waiver of right of removal." *Waters*, 252 at 797; *see also iNet Directories*, 394 F.3d at 1082 (contract stating that party waived objections to venue sufficient to waive right to remove).

Ohio Farmers argues that the forum selection clause could not have waived ADI's right to remove because it is a permissive forum selection clause in that it specifies two potential venues for Graham to choose between, rather than one exclusive forum. (Docket No. 25, Ohio

6

Farmers Mem. 8-10.)  The Court finds the cases cited by Ohio Farmers in support of this assertion distinguishable, as they invariably deal with clauses that were unequivocally permissive and contained no obligatory or exclusive language with respect to venue.  *See, e.g.*, *Multifeeder Tech., Inc. v. British Confectionery Co. Ltd.*, No. 09-1090, 2009 WL 5033958, *4-5 (D. Minn. Dec. 15, 2009) (clause stating that the parties submitted to jurisdiction in the courts of a specified location, but that did not state that such jurisdiction was exclusive, was permissive); *GreatAmerica Leasing Corp. v. Telular Corp.*, No. 98-127, 1999 WL 33656867, *6-7 (N.D. Iowa Apr. 20, 1999) (same).  In contrast, the clause at issue here states that Graham "shall" have the "exclusive" right to choose one of two venues and that ADI "expressly agrees" to that choice. *See Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (use of terms such as "shall," "exclusive," and "only" suggests mandatory forum selection clause).  In addition, the fact that Graham had the option to choose between courts either in Minnesota or in the county where the project is located does not render the clause permissive and the case removable.  *See, e.g.*, *Waters*, 25 F.3d at 797 (clause that gave one party exclusive option to bring suit in *any* venue waived right to remove); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991), *cert. denied*, 502 U.S. 908 (1991) (same); *Country Creek Farms, LLC v. Fleischer's Bagels, Inc.*, No. 11-5028, 2011 WL 1258139, *2 (W.D. Ark. Mar. 31, 2011) (rejecting argument that option of five potential forums made clause permissive).

Ohio Farmers also argues that the forum selection clause did not waive ADI's right to remove because it "did not address removal."  However, in *iNet Directories LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005), the Eighth Circuit found that a clause that did not specifically mention removal nevertheless operated as a waiver of the party's right to remove.  *iNet Directories,* 394 F.3d at 1081 (clause stating that the removing party waived any

7

objections to the specified venue waived right to remove).  Nor is it necessary for the clause to specifically provide that ADI "waives" objections to venue.  *See, e.g.*, *Babe Winkelman Prods., Inc. v. Sports Design and Dev., Inc.*, No. 05-2971, 2006 WL 980821, *2-3 (D. Minn. April 7, 2006), *vacated in part on other grounds,* 2006 WL 2590635 (D. Minn. June 22, 2006) (clause stating that litigation "shall be brought" in specified location sufficiently waived right to remove).

Here, ADI agreed that Graham "shall have the exclusive and unilateral right" to venue the action either in the "State of its incorporation Superior Court of its choosing or in the county [where] the Project is located."  ADI also contracted that it "expressly agrees to [Graham's] exercise of such option."  The forum selection clause gives Graham the exclusive discretion to select the forum for any disputes that may arise from the contract.  Because ADI clearly gave Graham the sole right to choose the forum and expressly agreed to abide by ADI's choice, ADI waived its right to remove.  By waiving its right to remove, ADI also waived its right to consent to a removal by Ohio Farmers.  *Medtronic*, 530 F. Supp. 2d at 1058.

Because the Court concludes that ADI is bound by the clause and waived its right to consent to removal, the Court need not determine whether Ohio Farmers also is bound by the forum selection clause or whether Ohio Farmers also waived its right to remove.

        D.       **The Unanimity Rule**

All defendants must consent to a motion to remove, and where there are multiple defendants, all must join in a petition to remove.  *Medtronic*, 530 F. Supp. 2d at 1057.  Where one party is forbidden from giving consent to removal by a forum selection clause, removal is improper.  *Id.* at 1058.

This case is similar to *City of Carmel, Ind. v. Steel Supply & Eng'g Co.*, where a surety (coincidentally, Ohio Farmers) provided a performance bond to a contractor bound by a forum selection clause. *City of Carmel, Ind. v. Steel Supply & Eng'g Co.*, No. 1:11-CV-894, 2011 WL 5102621 (S.D. Ind. Oct. 26, 2011). Ohio Farmer removed the action to federal court, and on the plaintiff's motion to remand, the court concluded that because the contractor for whom Ohio Farmers issued a performance bond was subject to a forum selection clause, any purported right to remove by Ohio Farmers was irrelevant. *Id.* at *1. The court noted the requirement imposed by the rule of unanimity, and stated, "unanimity by both defendants can never happen here, because Steel Supply is contractually bound to litigate this dispute in state court." *Id.* The court continued "Steel Supply's inability to consent to removal renders Ohio Farmers' rights to removal irrelevant, given that the consent of all defendants is required to authorize removal of a case involving them both." *Id.*

ADI is bound by the forum selection clause and therefore it cannot consent to a removal. As in *City of Carmel*, ADI's inability to consent to removal renders Ohio Farmer's right to remove irrelevant. Therefore, this Court finds that Ohio Farmers' removal was improper. In the absence of valid consent by ADI, the unanimity rule is violated and the case should be remanded. *Medtronic*, 530 F. Supp. 2d at 1057.

## II.   DEFENDANTS' MOTIONS TO TRANSFER OR DISMISS

The Court declines to reach the issue of whether this case should be dismissed or transferred to United States District Court for the District of North Dakota under either the first-filed rule or pursuant to 28 U.S.C. § 1404 because such an analysis would be proper only if venue was properly placed in this forum. *Country Creek Farms*, 2011 WL 1258139, *2. It is

recommended that ADI's Motion to Transfer and Ohio Farmer's Motion to Dismiss or, in the alternative, to Transfer therefore be denied as moot.

### III. GRAHAM'S MOTION TO STRIKE

The Court has not relied on ADI's consent to removal. Therefore, Graham's motion to strike ADI's consent to removal shall be denied as moot.

Based upon the record, memoranda, and oral arguments of counsel,

1. **IT IS HEREBY RECOMMENDED** that:

    a. Plaintiff's Motion to Remand [Docket No. 6] be **GRANTED IN PART and DENIED IN PART** as follows:

        i. That Plaintiff's motion that the matter be remanded to Dakota County District Court, State of Minnesota be **GRANTED.**

        ii. That Plaintiff's request for attorneys' fees be **DENIED.**

    b. Defendant Adventure Diver's Motion to Transfer [Docket No. 23] be **DENIED** as moot.

    c. Defendant Ohio Farmer's Motion to Dismiss or, in the alternative, to Transfer [Docket No. 28] be **DENIED** as moot.

2. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Pleading [Docket No. 42] is **DENIED** as moot.

Dated: March 27, 2012

 s/ Arthur J. Boylan
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  April 10     , 2012.